Matter of the Proposed Incorporation of LONG BEACH DEFENSE GUARDS, INC.

(Supreme Court, Kings Special Term, July, 1917.)

Associations — corporations — voluntary local guard of citizen soldiers — certificate of membership, disapproved.

A membership corporation may not be formed for " the purpose of organizing, equipping and maintaining a voluntary local guard of citizen soldiers  *  *  * subject at all times to the laws and general rules and regulations of the United States and of the state of New York."

APPLICATION for a certificate of incorporation under the Membership Corporations Law.

Whitehouse & Seaton, for petitioners.

CROPSEY, J. The approval of the court is sought to a certificate of incorporation. The application is made under the Membership Corporations Law. The expressed objects of the proposed corporation are in part for " the purpose of organizing, equipping and maintaining a voluntary local guard of citizen soldiers * * * subject at all times to the laws and general rules and regulations of the United States and of the State of New York." Can a membership corporation be formed for such a purpose?

A membership corporation may be created for any lawful purpose except one for which a corporation may be created under any other general law. Membership Corp. Law. § 40. Section 5 of the Military Law (amd. by Laws of 1917, chap. 151) divides the state militia into two parts, the active and the reserve, the active militia to consist of the national guard and the naval militia, and the reserve militia to consist of those liable to service, but not serving. By section 5-a of the Military Law (added by Laws of 1917, chap. 151), the governor is empowered to authorize " such organizations of the reserve militia, or of designated classes thereof, or of volunteers therefrom, as he may deem to be for the public interest, and may prescribe therefor such parts of the regulations governing the active militia as may be applicable thereto or establish special regulations therefor, or both, as he may deem proper. The governor may, at any time, provide for the separate organization, or authorize the service and enrollment in organizations of the reserve militia, of persons volunteering for such service, not otherwise subject to military duty, under section one of this chapter." Under this the governor has control of the organization of the reserve militia and also of those not subject to military duty who volunteer for service. That this includes the so-called

home defense guards is only emphasized by the regulations issued by the governor. Those expressly authorize the organization of such bodies under this section of the law and prescribe that applications for authority to organize them must be made to the adjutant-general, in a prescribed form.

While the proposed organization is not called a "home defense guard," it is really that according to its avowed objects.

A further objection to approving this certificate is found in section 241 of the Military Law as last amended by chapter 564 of the Laws of 1916. That provides that: " No body of men, other than the active militia and the troops of the United States except such independent military organizations as were on the twenty-third day of April, eighteen hundred and eighty-three, and now are, in existence, and such other organizations as may be formed under the provisions of this chapter, shall associate themselves together as a military company or organization." And the section contains the further injunction that " No body of men shall be granted a certificate of incorporation under any corporate name which shall mislead, or tend to mislead, any person into believing that such corporation is connected with or attached to the national guard or naval militia of this state in any capacity or way whatsoever." The certificate in question plainly. seeks to organize a military company. Its language is that there would be created " a voluntary -local guard of citizen soldiers * . * * subject at all times to the laws and general rules and regulations of the United States and of the state of New York." Hence it conflicts with section 241. The proposed name is also objectionable. The use of the word " guards " coupled with the word " defense " might

be misleading, and tend to create the belief that the organization was connected with the national guard which essentially is a " defense guard." The certificate is disapproved.

Application disapproved.